## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **Candace Bell, Crisdeion Lozon,** | ) | |
| **and Beverly Blake on behalf of** | ) | |
| **themselves and all those similarly** | ) | |
| **situated who consent to representation,** | ) | |
| | ) | **Civil Action No.** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **FLSA Collective Action** |
| | ) | |
| **Onyx, a Georgia corporation and** | ) | **Jury Trial Demanded** |
| **Frank Walker, an individual** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs Candace Bell ("Plaintiff Bell"), Crisdeion Lozon ("Plaintiff Lozon"), and Beverly Blake ("Plaintiff Blake") (collectively "Plaintiffs") by and through their undersigned counsel, and files this Collective Action Complaint against Defendants Onyx ("Defendant Onyx") and Frank Walker ("Defendant Walker")(collectively "Defendants") on behalf of themselves and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1.    The instant action arises from Defendants' violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended

(hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of minimum wage of the FLSA by Defendants which have deprived Plaintiffs and those similarly situated of their lawful minimum wages.

2.      Plaintiffs bring this action as a collective action on behalf of themselves and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b).

3.      Other current and former employees similarly situated of Defendants are also entitled to receive minimum wage for the reasons alleged in this Complaint.

4.      Plaintiffs may be permitted to maintain this action "for and on behalf of [themselves] . . . and other employees similarly situated." 29 U.S.C. § 216(b).

5.      Any similarly situated current or former employee of Defendants wishing to become a party plaintiff to this action must provide her "consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

6.      This action is brought to recover unpaid minimum owed to Plaintiffs and other current and former dancers of Defendants who are similarly situated to Plaintiffs, pursuant to the FLSA.

7.      Plaintiffs and any collective group similarly situated were or are improperly classified as independent contractors by Defendants working as entertainers.

8.      During the term of work of Plaintiffs, and for at least one year prior to the filing of this Complaint in the case of any collective group similarly situated, Defendants committed widespread violations of the FLSA by failing to compensate workers at the legally appropriate minimum wages.

9.      Plaintiffs and all similarly situated current and former workers of Defendants who elect to participate in this action seek unpaid minimum wages, an equal amount of liquidated damages, reimbursement of all fees or kickbacks paid to Defendants by Plaintiffs, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

11.     Venue for this case lies with this Court pursuant to 29 U.S.C. § 1391 (b) (1) and (2) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendants are located in this District and subject to personal jurisdiction in this District.

## PARTIES

12.     Plaintiffs live within this District.

13.     At all times material to this action, Plaintiffs and those similarly situated were "employees" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.  Plaintiffs and those similarly situated are further covered by §§ 203 and 206 of the FLSA for the period in which they were employed by Defendants as dancers.

14.     At all times material to this action, Defendants were "employers" of Plaintiffs and those similarly situated as defined by § 203(d) of the FLSA.

15.     Defendant Onyx is a gentlemen's club called "Onyx" that employs female dancers and is located in Atlanta, Georgia at 1888 Cheshire Bridge Road NE, Atlanta, Georgia, 30324.  Defendant Onyx was closed for a period of time and reopened in approximately February, 2021, at which time, Plaintiffs began working there.

16.     Defendant Onyx is not in compliance with the Georgia Secretary of State's annual corporate filing requirements.

17.     Defendants conduct business within this State and District.

18.     Defendants maintained either actual or constructive control, oversight and direction of Defendants' business, including the employment and pay other practices of those operations of Plaintiffs and others similarly situated.

19.     Upon information and belief, Defendant Walker is a co-owner of Defendant Onyx and is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit.

20.     At all times material to this action, pursuant to 29 U.S.C. § 207, Plaintiffs and those similarly situated were employees who in any workweek were engaged in commerce or the production of goods for commerce and Defendant Onyx was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

21.     During 2021 and 2022, Defendants had two or more "employees engaged in commerce" as defined as by 29 U.S.C. § 203.

22.     At all times material to this action, Defendant Onyx was an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 206.

23.     At all times material to this action, Defendant Onyx had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of 29 U.S.C. § 206.

24.     At all times material to this action, Defendant Onyx employed two or more individuals who handled and sold alcohol that was manufactured outside the state of Georgia.

25.     At all times material to this action, Defendant Onyx employed two or more individuals who worked on electronic equipment that was manufactured outside the state of Georgia.

26.     At all times material to this action, Defendant Onyx employed two or more employees who used or handled items that moved in interstate commerce including computers, office furniture and office technology.

27.     Defendant Onyx routinely had out of state customers who patronized its business.

28.     During 2021, Defendant Onyx had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203.

29.     The minimum wage provisions set forth in § 206 of the FLSA apply to Defendants.

30.     Plaintiffs and others similarly situated are individuals who have worked as dancers at Defendant Onyx at some point in the year prior to the filing of this lawsuit.

6

## FACTUAL ALLEGATIONS

31.     At all times for the year prior to the filing of this Complaint, Defendants have employed female dancers at Defendant Onyx.

32.     At all material times, Defendants have categorized all dancers working at Defendant Onyx as "independent contractors."

33.     At all material times, Defendants have not required entertainers to have any specialized training or background.   Defendants did not require applicants for dancing positions to have any experience or training prior to hire.

34.     At all material times, Defendants directly and indirectly controlled the dancers' work schedules.

35.     At all material times, Defendants imposed discipline upon its dancers, including fines and terminations for infractions of its work rules.

36.     At all material times, Defendants and other managers supervised dancers on a day-to-day basis.

37.     At all material times, Defendants maintained a dressing room for its dancers.

38.     At all material times, Defendants bore all financial costs associated with advertising and marketing Defendant Onyx.

39.     At all material times, Defendants made capital investments in the facilities, maintenance, sound system, lights, beverage and inventory; and made

all hiring decisions regarding waitstaff, security, dancers, managerial and other employees at Defendant Onyx.

40.     At various times, Defendants recorded the time dancers reported to work.

41.     Plaintiff Bell began working at Defendant Onyx as a dancer in approximately February, 2021 until December 2021.

42.     Plaintiff Lozon began working at Defendant Onyx as a dancer in approximately February 2021 until December 2021.

43.     Plaintiff Blake began working at Defendant Onyx as a dancer in approximately February 2021 until December 2021.

44.     At all material times, Defendants failed to pay Plaintiffs any wages or compensation whatsoever and Plaintiffs' sole form of remuneration was the receipt of tips from the Defendants' customers.

45.     At all material times, for each shift worked, Defendants required dancers, as a condition of their employment to pay kickbacks or fees including, but not limited to, a bar/shift fee in the amount of $100 - $400; a "tip out fee" at the end of each shift; and a house mom fee.

46.     Defendant Walker participated in the decision to classify dancers as independent contractors as opposed to employees and/or the decision to maintain that classification.

47.     Defendant Walker maintained oversight of Defendant Onyx including its financial, legal, and/or general business operations.

48.     Defendant Walker determined and/or maintained control over the fees charged to the dancers, including Plaintiffs.

49.     Defendant Walker maintained control over hours of operation of the club.

50.     Defendant Walker had hire and fire authority with respect to the dancers and did, in fact, hire and fire dancers.

51.     Upon information and belief, Defendant Walker knew that under the law, dancers at gentlemen clubs were legally, under the FLSA, "employees" not "independent contractors."

52.     Defendants knew or showed reckless disregard for the fact that it misclassified the dancers as independent contractors, and accordingly, failed to pay these individuals minimum wage at the required rate under the FLSA.

53.     Plaintiffs, on behalf of themselves and those similarly situated who consent to representation, demand a trial by jury.

## MINIMUM WAGE
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET. SEQ.*

54.     The above paragraphs are incorporated by reference as if fully set forth herein.

55.     This claim arises from Defendants' willful violation of the FLSA for failure to pay a minimum wage to Plaintiffs and those similarly situated to which they were entitled.

56.     The minimum wage provisions of the FLSA apply to Defendants.

57.     Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiffs and those similarly situated were entitled to be compensated at a rate of at least $7.25 per hour.

58.     Defendants were not allowed to avail itself of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 201, *et. seq.*, because Defendants provided no notice to employees of its intention to take a tip credit; because Plaintiffs and those similarly situated were not allowed to keep all of their tip money; and because Defendants did not compensate Plaintiffs at the federal tipped minimum wage rate.

59.     Defendants, pursuant to their policies and practices, refused and failed to pay a minimum wage to Plaintiffs and those similarly situated.

60.     By failing to compensate Plaintiffs and those similarly situated minimum wage, Defendants violated their statutory rights under the FLSA.

61.     The forgoing conduct, as alleged, constitutes a willful violation of the FLSA.

62.     Plaintiffs and those similarly situated who consent to representation, seek damages in the amount of their respective unpaid minimum wage, the

amount of Plaintiffs' paid kickbacks or fees, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

63.     Plaintiffs and those similarly situated who consent to representation, seek recovery of attorneys' fees and costs to be paid by Defendants as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and all other similarly situated who consent to representation, pray for judgment against Defendants as follows:

a. Issuance of notice pursuant to 29 U.S.C. U.S.C. § 216(b) as soon as possible to all dancers who worked for Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit without fear of reprisal, retaliation, or abuse by Defendants;

b. Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages;

c. An equal amount to Plaintiffs' damages as liquidated damages;

d. Judgment against Defendants for an amount equal to all kickbacks and fees paid by Plaintiffs;

e. Judgment against Defendants that their violations of the FLSA were willful;

f. An award of prejudgment interest; and

g. All costs and attorneys' fees incurred in prosecuting these claims.

Respectfully submitted this 13th day of January, 2022.

MARTIN & MARTIN, LLP

By:   /s/ Kimberly N. Martin
      Kimberly N. Martin
      kimberlymartinlaw@gmail.com
      Georgia Bar No. 473410
      Thomas F. Martin
      tfmartinlaw@msn.com
      Georgia Bar No. 482595

      **MARTIN & MARTIN, LLP**
      Post     Office     Box     1070
      Tucker, Georgia 30085-10170
      Telephone 404.313.5538